## FUNKHOUSER *v.* PURDY.

Debt on a bond for 400 dollars, payable on the 1st of *November*, 1819. Plea, as to 42 dollars and 50 cents, payment; and as to the interest before the 24th of *March*, 1823, the plaintiff's covenant that the sum due on the bond, which had been given for a tract of land, should not be payable nor bear

May Term, 1824.

FUNKHOU-SER. v. PURDY.

Monday, May 10.

interest until he should execute the title—which he had not done until that time. Replication as to the plea in bar of the interest before the execution of the title, that the plaintiff had tendered the deed some years previously; but it was at a time when, by his own showing, his title was not complete. *Held*, on general demurrer, that the replication was insufficient; and that the plea was a good bar to that part of the action which it professed to answer.

ERROR to the *Harrison* Circuit Court.—*Purdy* was the plaintiff below, and *Funkhouser* the defendant. The plea did not profess to answer the action, except so far as related to that part of the principal of the bond which was averred to have been paid, and to so much of the interest as was alleged to have been released. The replication was to that part of the plea which relates to the interest. The judgment was for 400 dollars, the debt in the declaration mentioned, and 42 dollars and 85 cents damages for the detention, making in all 442 dollars and 85 cents, together with costs.

HOLMAN, J.—Debt on a bond for 400 dollars, due the 1st of *November*, 1819. Plea of payment of 42 dollars and 50 cents; and a release founded on a covenant executed to *Funkhouser* by *Purdy* and *Cunningham*—which, after reciting that the bond had been given in consideration of a tract of land, the title to which could not be made in the time and manner originally contemplated, sets forth a covenant by *Purdy* to make the conveyance, and a stipulation that, until the conveyance should be executed, *Funkhouser* should be free from any payment of principal or interest of all remaining unpaid, to wit, 357 dollars and 50 cents; and further, "that from the day the said land is conveyed, then and from that date said 357 dollars and 50 cents are to be considered payable, and to bear common interest." Which conveyance, it seems, was not executed until the 24th of *March*, 1823. The plaintiff replied a tender of a deed some years before; but at a time when, by his own showing, he had not a complete title. The defendant demurred, and the plaintiff had judgment.

This judgment, so far as it embraces the 357 dollars and 50 cents, with damages for its detention from the 24th of *March*, 1823, until the rendition of the judgment, is not disputed. For the balance it is clearly erroneous. The covenant recognizes the payment of the 42 dollars and 50 cents, and unquestionably determines that the balance is only to bear interest from the

date of the conveyance. The replication is bad. The demur-
rer should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause
remanded, with directions to the Circuit Court to permit the
plaintiff below to withdraw his joinder in demurrer, and amend
his replication.

*Kidder,* for the plaintiff.

*Nelson,* for the defendant.